UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-283

LOVELLA DORITY,                                                             PLAINTIFF,

v.                **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on June 5, 2013, alleging disability beginning in December 2012, due to due to problems with her shoulders, back, and legs; seizures; headaches; attention deficit hyperactivity disorder (ADHD); posttraumatic stress disorder (PTSD); anxiety; and depression.

This application was denied initially and on reconsideration.

Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Jonathon Stanley (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 293-307). Plaintiff was 26 years old at the time of the hearing decision. She has a high school education and her past relevant work experience consists of work as a machine press operator, labeler, material handler, fast food worker, and sewing machine operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 295).

The ALJ then determined, at Step 2, that Plaintiff suffers from a myriad of impairments, which he found to be "severe" within the meaning of the Regulations (Tr. 295-297). However at Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the

2

listed impairments (Tr. 297-300).

The ALJ further found that Plaintiff could perform her past relevant work as a labeler (Tr. 305) and, further, determined that she has the residual functional capacity ("RFC") to perform a range of light work with the following limitations:

> She can occasionally push and pull using the lower extremities, bilaterally. [She] can occasionally climb stairs and ramps, but should never climb ropes, ladders, and scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. [She] can frequently reach overhead bilaterally. She can occasionally operate foot controls, but cannot operate commercial vehicles. [She] should avoid concentrated exposure to extreme cold, wetness, and vibration. She should not work around unprotected heights or hazards such as heavy machinery. [She] can understand, remember, and carry out short, simple instructions and make simple work-related judgments. She can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision. [She] can perform simple, routine work in an object-focused work environment. She can manage and tolerate simple changes in work place routine and interact occasionally with supervisors and coworkers, in a nonpublic work environment.

(Tr. 300-305).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 306).

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly weigh the opinions of consultative examining psychologist, Jennifer Fishkoff, Psy.D. and Michelle Martin, PA and (2) that the ALJ failed to take into consideration the combination of her severe impairments.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly weigh the opinions of

4

consultative examining psychologist, Jennifer Fishkoff, Psy.D. and Michelle Martin, PA.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927©. Generally, a treating physician's opinion is entitled to more weight and an ALJ must give good reasons for discounting the opinion. 20 C.F.R. §§ 416.902, 416.927(c)(2); *See also, Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). An examining physician's opinion, however, is not entitled to any special deference or consideration. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). Moreover, an ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927( c). In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946( c).

In August 2013, at the behest of the Social Security Administration, Jennifer Fishkoff, Psy.D. performed a psychological consultative evaluation of Plaintiff. She diagnosed history of ADHD, combined type; depressive disorder, not otherwise specified; PTSD, mild; and borderline intellectual functioning versus low average intellect (Tr. 596). She found that Plaintiff presented with low average to borderline intellectual functioning (Tr. 596). She said it was likely that Plaintiff's pain and/or medications slightly depressed her IQ scores (Tr. 597). She said Plaintiff

had limited ability tolerate frustration, conform to social standards, and maintain employment (Tr. 597). She said Plaintiff had moderate impairment to her ability to understand, retain, and follow instructions as would be required over an eight-hour workday and significant impairment to her abilities to sustain attention to perform simple and repetitive tasks over an eight-hour workday (Tr. 597). She concluded Plaintiff did not appear to be capable of tolerating the stress and pressures associated with day-to-day work activity (Tr. 597).

In his decision, the ALJ noted that As the ALJ also found, Dr. Fishkoff's opinion was not consistent with her own report (Tr. 305). Dr. Fishkoff found that Plaintiff had sequential, goal-directed, clear, and coherent thoughts and speech and no delusional thoughts or psychosis, although she displayed pain manifestations and stood at one point to stretch and at times moved around and appeared uncomfortable (Tr. 592).

In addition, the ALJ noted that Dr. Fishkoff's assessment of extreme limitation was at odds with other, credible medical evidence in the record. For example, in November 2014, Plaintiff presented to Robina Bokhari, M.D., with complaints of depression and anxiety (Tr. 813-14). Dr. Bokhari found that Plaintiff had coherent and goal-directed thoughts; intact insight and judgment; and fair hygiene, eye contact, memory, and focus, although she had an anxious mood and affect (Tr. 813). Dr. Bokhari made the same or similar findings in December 2014 (Tr. 811-12) and in January and February of 2015 (Tr. 831-32, 834-35).

Further detracting from Dr. Fishkoff's opinion was Plaintiff's own testimony. Specifically, Plaintiff said she fed her daughter and had no problems with her personal care (Tr. 473). She also said she prepared her own meals on a daily basis (Tr. 475); drove and rode in cars; shopped in stores (Tr. 476); and spent time with others, including talking with family or friends

6

(Tr. 477). Plaintiff made similar statements in December 2013 (Tr. 512-20). At the administrative hearing, Plaintiff testified that she could pick her house up a little bit, i.e., she said she made her bed and maybe dusted her table (Tr. 336).

Given the contradictory evidence in the record, the ALJ considered Dr. Fishkoff's opinion and his reasons for discounting it are supported by substantial evidence. The Court finds no error in this regard.

Plaintiff also alleges that the ALJ improperly discounted the opinion of Michelle Martin, a Physician's Assistant who completed a Physical Impairment Residual Functional Capacity Questionnaire regarding Plaintiff in July of 2014 (Tr. 677-683). Martin opined Plaintiff's pain is severe and interferes with her attention and concentration frequently, or two-thirds of a typical day. (Tr. 678-679). Martin identified the following objective signs of Plaintiff's symptoms: reduced range of motion, sensory changes, impaired sleep, abnormal posture, positive straight leg raising, tenderness, muscle spasm, muscle weakness and abnormal gait. (Tr. 678). She noted Plaintiff's anti-seizure medication Keppra causes dizziness and drowsiness, and the narcotic pain medications cause slowed movements and drowsiness. (Tr.. 680). Martin opined Plaintiff can sit, stand and walk combined for less than eight (8) hours total during a workday and that she requires the freedom to shift positions at will from sitting, standing or walking, and she needs to lie down at will during an eight (8) hours workday to relieve pain. (Tr. 681). Martin opined Plaintiff has a reasonable medical need to be absent from a full time work schedule on a chronic basis, meaning more than two (2) absences per month and believed she is "totally disabled" and "unable to work." (Tr. 682).

In discounting Ms. Martin's assessment, the ALJ noted that her own records did not contain any data which would warrant such extreme limitations. (Tr. 599-600, 758-60, 809, 815, 849).

Further, the other evidence in the record does not support Ms. Martin's conclusion of disability. For example, in January 2013, Katherine Ballard, M.D., found that Plaintiff ambulated without an assistive device and had a normal gait, muscle tone, and strength, although she also had tenderness in her low back (Tr. 639). Dr. Ballard made the same or similar findings with some variation after that from March 2013 to October 2014 (Tr. 634-37, 795-98, 823-26). In November 2013, Ballard Wright, M.D, found that Plaintiff had normal sensation and strength in her arms and legs, although she had some tenderness associated with her lower back (Tr. 618-19), making the same or similar findings with some variation in January and October 2014 (Tr. 795-98, 823-26).

As for Ms. Martin's statement that Plaintiff is "totally disabled" and "unable to work," the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

Pursuant to the Regulations, the ALJ properly considered and weighed the medical opinions in the record. Plaintiff's suggestion otherwise is without merit.

Plaintiff's second claim of error is that the ALJ failed to take into consideration the combination of her severe impairments.

8

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe, at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 23). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case is consistent with *Gooch* and *Loy* and that Plaintiff's argument in this regard is without merit.

Finally, Plaintiff maintains that the hypothetical questions posed to the VE in this case were incomplete and, thus, not supported by substantial evidence. The Defendant argues that the hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993). In this case, the hypotheticals posed accurately portray the RFC as formulated based upon the objective medical evidence. As such, the Court finds that the ALJ's

9

RFC and findings based upon the VE's testimony are supported by substantial evidence in the record.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of September, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge